

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Winston Brummett
County Attorney
Dickens County
Dickens, Texas

Dear Sir:

Opinion No. O-5105
Re: Legality of sale of
alcoholic liquid in
"dry area"

Your letter of recent date requesting the opinion
of this department on the above stated matter is in part as
follows:

"I would like very much to have your opinion on the following situation:

"A certain intoxicant known as 'Wine Tonic' is being sold by drug stores as well as other business establishments in this county. Such 'Wine Tonic' contains 19% alcohol and is capable of producing a state of intoxication when taken in large quantities; such drug stores and other establishments sell such article for beverage purposes with full knowledge that parties buy such drink to become drunk on. It has reached the stage where the drug stores sell such article by the case to persons who resell by the bottle for a small profit. Under Article 666-3a--definition of liquor--'Liquor shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, tequilla, mescal.... shall be prima facie evidence that the same is liquor as herein defined.' And, the term 'Alcoholic Beverage' as applied to the definition

of liquor, is set out in the second paragraph of
Art. 666-3a, and is defined as any beverage con-
taining more than one-half of one percent of al-
cohol by volume which is capable of use for bever-
age purposes, either alone or when diluted.

"Of course, this 'Wine Tonic' is supposed to
be sold as a medicine and/or something to stimu-
late and increase the appetite and containing
vitamin Bl whatever that is, the fact that it
contains vitamin Bl is stamped on the label at-
tached to each bottle. However, I have found
nothing under the liquor statutes authorizing
the sale of an alcoholic beverages for beverage
purposes in a dry county. Nor have I found any-
thing under any Drug Act, authorizing such sales.

"As previously stated, this is a dry coun-
ty in which neither beer, liquor, or any other
intoxicant can legally be sold.

"With the foregoing facts in mind, would
you be kind enough to look into this matter and
let me have your opinion as to the legality of
the sale of such article, towit: 'Wine Tonic',
containing 19% alcohol by volume, and, capable
of producing a state of drunkenness, but sold
under the disguise of a medicine."

The question presented has received but little at-
tention by the Court of Criminal Appeals under the present
Texas Liquor Control Act. Decisions under the repealed Dean
law are of little value in determining the question.

Under the Dean law, it was provided in the repeal-
ed Article 674, P. C., that nothing in the Act should prevent
the sale of any medicinal preparation manufactured in accord-
ance with certain pharmaceutical formulas, which were manu-
factured and sold for legitimate and lawful purposes, "and
not as beverages." The guilty intent of the seller, under
the repealed Act, was question of fact to be decided against
him before a conviction would stand. If the proof showed
that the liquid was sold for medicinal purposes and not as
a beverage, there could be no conviction. Holliman v. State,
299 S. W. 249.

Under the Texas Liquor Control Act however there is no such exception. If one in a "dry area" sells "any beverage containing more than one-half of one percent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted," he has committed an act, declared by the law to be unlawful.

The question whether a given alcoholic liquid is capable of being used as a beverage manifestly is the question for determination and is a question of fact. There is no marked dividing line between those liquids which are generally known to be for beverage purposes and those which are strictly medicinal or non-beverage. It should be noticed in determining the question that the statute defining intoxicating liquors does not clearly classify the liquids as "beverages," but includes within its scope liquids "capable of use for beverage purposes, either alone or when diluted." This is a very broad term and must include within its purview those liquids which, although not generally considered as beverages, are yet capable of being so used. This must necessarily be so when we consider that one of the purposes of the Texas Liquor Control Act was to prohibit the sale of intoxicating liquors in "dry areas." The sale of an alcoholic liquid not capable of use as a beverage constitutes no violation. McChristi v. State, 133 S. W. (2d) 976; Peddy v. State, 162, S. W. (2d) 933.

We presume under the facts stated in your letter that said "Wine Tonic" is as a matter of fact "capable of use for beverage purposes." If so, its sale in dry areas is denounced by the statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ E. G. Pharr
    Assistant.

EGP:db
APPROVED MAR. 29, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
(S) BWB,
            Chairman

EGP:fo